McCarthy, J.
Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Tax Law § 2016) to review a determination of respondent Tax Appeals Tribunal which, among other things, denied petitioner’s claim for a refund of personal income tax imposed under Tax Law article 22.
Petitioner was the sole shareholder of two corporations, each one certified pursuant to General Municipal Law article 18-B as a Qualified Empire Zone Enterprise (hereinafter QEZE). The corporations owned property in the Syracuse Empire Zone, Onondaga County Sanitary District and the City of Syracuse Downtown Special Assessment District. The Sanitary District maintains a sewer system. The Downtown Special Assessment District levies assessments to pay for construction, maintenance and operation of improvements in the special assessment district. Petitioner’s two corporations elected to be treated as S corporations, permitting their tax credits to flow through petitioner, as sole shareholder (see Internal Revenue Code [26 USC] § 1366; Tax Law § 660), when she filed her state personal income tax returns for the years 2004, 2005 and 2006. Although the claimed refunds for 2004 and 2005 were initially issued, the Department of Taxation and Finance conducted an audit and issued notices of deficiency equal to the amounts of credit claimed for the Sanitary District charges and Downtown Special Assess *1150 ment District charges. The Department denied petitioner’s 2006 refund request.
Petitioner filed a petition for redetermination, which was denied by an Administrative Law Judge. Upon appeal, respondent Tax Appeals Tribunal affirmed. Petitioner commenced this proceeding challenging the Tribunal’s determination.
For the reasons stated in our decision in Matter of Piccolo v New York State Tax Appeals Trib. (108 AD3d 107 [2013] [decided herewith]), the term “eligible real property taxes” in Tax Law former § 15 (former [e]) does not include special ad valorem levies and special assessments. Similar to the downtown improvement tax in that case, the Downtown Special Assessment District charges here are either ad valorem levies or special assessments (see id.). As we held in Matter of Stevenson v New York State Tax Appeals Trib. (106 AD3d 1146 [2013] [decided herewith]), the Sanitary District charges qualify as either ad valorem levies or special assessments, not taxes. Thus, the Tribunal correctly determined that petitioner was not entitled to QEZE credit refunds based on those charges.
Mercure, J.P, Spain and Egan Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.